**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4712**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TANNER TAURELL MCNEIL,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:13-cr-00009-TDS-1)

Submitted: March 7, 2014      Decided: March 26, 2014

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Harvey A. Carpenter IV, THE LAW OFFICES OF HA CARPENTER IV, Greensboro, North Carolina, for Appellant. Stephen Thomas Inman, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tanner Taurell McNeil appeals the seventy-four-month sentence imposed by the district court following his guilty plea to attempted bank robbery, in violation of 18 U.S.C. § 2113(a) (2012). On appeal, McNeil's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the sentence imposed by the district court was reasonable. McNeil was advised of his right to file a pro se supplemental brief but did not file one. Finding no error, we affirm.

The sole issue raised in the Anders brief is whether the sentence was reasonable. In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Once we have determined that there is no procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. If the sentence imposed is within the appropriate Guidelines range, we consider it presumptively reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). The presumption may be rebutted by a showing "that

2

the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Upon review, we conclude that the district court committed no procedural or substantive error in imposing the seventy-four-month sentence. United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) (providing standard of review).

In accordance with Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform McNeil, in writing, of his right to petition the Supreme Court of the United States for further review. If McNeil requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McNeil. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED